1

The Honorable Ricardo S. Martinez

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8   | PATRICK COLACURCIO, MARIS and
DAVID HANSON, and JAMES McMURCHIE,
9   | individually and on behalf of all others similarly
situated;
10                         Plaintiffs,
        v.
11

INSIGHT VENTURE PARTNERS VII, L.P., a
12   | Cayman Islands limited partnership; INSIGHT
VENTURE PARTNERS (CAYMAN) VII, L.P.,
13   | a Cayman Islands limited partnership; INSIGHT
VENTURE PARTNERS VII (CO-
14   | INVESTORS), L.P., a Cayman Islands limited
partnership; INSIGHT VENTURE PARTNERS
15   | (DELAWARE) VII, L.P., a Delaware limited
partnership; INSIGHT VENTURE PARTNERS
16   | COINVESTMENT FUND II, L.P., a Delaware
limited partnership; INSIGHT VENTURE
17   | ASSOCIATES VII, L.P., a Delaware limited
partnership; INSIGHT VENTURE
18   | ASSOCIATES VII, LTD., a Cayman Islands
limited company; INSIGHT VENTURE
19   | ASSOCIATES COINVESTMENT II, L.P., a
Delaware limited partnership; INSIGHT
20   | VENTURE MANAGEMENT, LLC, a Delaware
limited liability company; INSIGHT HOLDING
21   | GROUP, LLC, a Delaware limited liability
company, and RYAN HINKLE,
22
                        Defendants.
23

NO. 2:20-cv-01856-RSM

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

**NOTE ON MOTION CALENDAR:**
December 2, 2021

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# INTRODUCTION

After nearly two years of litigation—including a fully briefed motion for class certification—the parties in this case have reached a proposed class action settlement to resolve this matter. Plaintiffs David Hanson, Maris Hanson, and James McMurchie hereby respectfully request that the Court grant preliminary approval of that proposed settlement under Rule 23 and approve and authorize notice to members of the proposed Settlement Class.

Under the terms of the settlement, Defendants will pay $26.2 million into a fund for the benefit of the Settlement Class. Subject to Court approval, the settlement fund will be used to make direct payments to members of the Settlement Class, as well as to cover notice and administration costs, service awards, and attorneys' fees and costs. The proposed Settlement Class includes all individuals and entities who sold stock in Smartsheet, Inc. in connection with the tender offer for stock of Smartsheet, Inc. dated June 2, 2017, with certain exceptions.[1] The proposed settlement is an outstanding result for the class, reached through arm's-length negotiations after contested litigation by experienced and well-informed counsel. Because the proposed Settlement is fair, reasonable, and adequate, and meets the requirements of Rule 23(e)(1)(B), the Court should issue an order directing notice of the proposed Settlement.

# BACKGROUND

## I.    Plaintiffs' claims.

Smartsheet is a software company that makes a leading cloud-based collaboration software. From its founding in 2005 until its April 2018 IPO, Smartsheet was privately-held,

---

[1] Plaintiffs ask the Court to certify for settlement purposes the same class as in their motion for class certification, ECF 40.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  and its shares could not be resold or transferred without the consent of the company.[2]

2  Defendants (collectively, with the exception of Defendant Ryan Hinkle, referred to as

3  "Insight") are a collection of private equity funds that invest money from outside investors, as

4  well as limited liability companies and partnerships that manage those investments. Defendant

5  Ryan Hinkle is a principal of Insight and was a member of Smartsheet's Board of Directors.

6        This case revolves around a 2017 tender offer (the "Tender Offer"), in which Insight

7  purchased shares of Smartsheet stock directly from existing Smartsheet shareholders—

8  including Plaintiffs and the putative class. *See* Dkt. 1-1 ("FAC") ¶ 61. Plaintiffs allege that

9  during the Tender Offer, Insight omitted material nonpublic information about Smartsheet in its

10  possession concerning Smartsheet's IPO plans. Plaintiffs and the putative class asserted four

11  claims against Defendants relating to Insight's misconduct stemming from the 2017 Tender

12  Offer: (1) violation of the Washington State Securities Act ("WSSA"), RCW 21.20.430(2);

13  (2) control personal liability under the WSSA, RCW 21.20.430(3); (3) breach of fiduciary duty

14  against Mr. Hinkle; and (4) unjust enrichment. *Id.* ¶¶ 81–83.

15  **II.  Procedural history.**

16        Plaintiffs filed this lawsuit in Washington State Superior Court (King County) in

17  December 2019. In March 2020, Defendants filed a motion to dismiss all claims, which that

18  court denied on May 1, 2020. *See* Dkt. #1 at 398–412. In June 2020, the First Amended Class

19  Action Complaint added current Plaintiffs the Hansons and Mr. McMurchie. After engaging in

20  some preliminary discovery, the Parties attended mediation in September 2020. *See* Dennett

21  ―――――――――――――――

22     [2] *See* Smartsheet Inc., Form S-1 at 1, 9 (Mar. 26, 2018), *available at* https://www.sec.gov/Archives/edgar/data/0001366561/000162828018003554/smartsheets-1. htm; Bylaws of Smartsheet, Inc. § 6.5 (March 26, 2018) (Exhibit 3.3 to Smartsheet, Inc.'s Form

23  S-1), *available at* https://www.sec.gov/Archives/edgar/data/1366561/000162828018003554/ exhibit33s-1.htm.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Decl. ¶ 9. The Parties were unable to reach agreement, and the case proceeded.

2   In December 2020, Defendants removed this case to federal court. *See* Dkt. #1. In

3   March 2021, Defendants filed a motion for judgment on the pleadings as to Plaintiff David

4   Hanson, arguing that he released his securities fraud claims against Insight in an employment

5   separation agreement with his former employer Smartsheet. The motion is fully briefed. *See*

6   Dkt. ## 17, 27, 34. In April 2021, Plaintiffs filed a motion for class certification, which

7   Defendants opposed. The motion, in addition to the related motions to seal, are also fully

8   briefed. *See* Dkt. ## 38, 40, 53, 56, 59, 60, 72, 74, 76, 80, 83, 84.

9   Both before and after removal, the Parties engaged in extensive discovery: Plaintiffs

10  deposed Defendant Ryan Hinkle; Defendants deposed each of the three named Plaintiffs;

11  Plaintiffs issued—and collected documents in response to—twelve subpoenas to nonparty

12  witnesses, including document subpoenas to Smartsheet and its directors Mark Mader, Brent

13  Frei, Jim White, and Matt McIlwain; and the Parties conducted broad document discovery

14  between themselves. *See* Dennett Decl. ¶ 10. Plaintiffs' discovery efforts resulted in the

15  collection of over 95,000 documents from Defendants and non-parties. *Id.* In addition,

16  Plaintiffs noted the depositions of Smartsheet CEO Mark Mader and former Smartsheet CFO

17  Jennifer Ceran. Defendants moved for a protective order, seeking to prevent those depositions

18  until after the Court ruled on Plaintiffs' motion for class certification. *See* Dkt. ## 85, 88, 90.

19  Over the course of the last few months, and while the Court's decision on the motion

20  for judgment on the pleadings, motion for class certification, and motion for protective order

21  were pending, the Parties engaged in arm's-length settlement negotiations, starting with a

22  mediation session on August 4, 2021 with Robert A. Meyer, Esq. of JAMS. *See* Dennett Decl.

23  ¶ 11. The Parties reached an agreement in principle on September 22, 2021, and they finalized

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 3

**Tousley Brain Stephens PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    the terms of their proposed settlement on November 18. *Id.*

2    **III.    The Settlement terms.**

3           **A.     The Settlement Class.**

4           The Settlement provides for certification of a class of individuals who sold stock in

5    Smartsheet, Inc. in connection with the 2017 Tender Offer. Defendants agree to certification of

6    this Settlement Class solely for the purposes of settlement:

7           All individuals and entities who sold stock in Smartsheet, Inc. in connection with
           the tender offer for stock of Smartsheet, Inc. dated June 2, 2017. Excluded from
8           the Settlement Class are (1) the Defendants and all of their respective employees,
           officers, directors, agents, immediate family members, legal representatives,
9           parent corporations, subsidiaries, controlled affiliates, insurers, guarantors, heirs,
           successors, and assigns, (2) all other Smartsheet shareholders who offered to
10          purchase shares in the June 2017 tender offer, (3) Mark Mader, Brent Frei, Kara
           Hamilton, and Andy Lientz, (4) the Judge presiding over this Action and all
11          members of her or his family, (5) and persons who timely and validly request
           exclusion from the Settlement Class.

12   Settlement ¶¶ 1(s), (v), 3.

13          **B.     Value of the Settlement to Settlement Class Members.**

14          In exchange for the dismissal of this action and the release in the Settlement,

15   Defendants have agreed to pay $26,200,000.00 to be used for direct payments to Settlement

16   Class Members (the "Settlement Fund"), after deductions of Court-approved attorneys' fees

17   and expenses, service awards, and administration costs. Settlement ¶ 7. This is a non-

18   reversionary fund, meaning that no portion shall revert to Defendants unless the Settlement is

19   voided, cancelled, or terminated. *Id.* ¶ 7(g). Payments to Settlement Class Members—those

20   who do not opt out—will be made by check mailed to them at their last known address. *Id.*

21   ¶ 7(h)(iv). Each Settlement Class Member will receive their pro rata share of the Net Settlement

22

23

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Fund based on their participation in the Tender Offer. *Id.*[3]

### C. Notice to Class Members.

The Settlement includes proposed email and long form notices to the Potential Settlement Class Members that inform them of the terms of the Settlement and their rights to object to, or opt-out of, the Settlement, or to do nothing and receive the benefits of the Settlement and be bound by it. Settlement Exs. 1 & 2. Email notices will be provided to Settlement Class Members for whom the parties have email addresses, and long-form notice will be mailed directly to all Settlement Class Members and available on the Settlement website and upon request. Settlement ¶ 4. The website will provide Class Members with additional information relating to the Settlement. *Id.*

### D. Attorneys' fees and expenses, Settlement Administrators' costs, and Service Awards.

Class Counsel will file a motion with the Court requesting up to 23.5% of the Settlement Fund as attorneys' fees, and they will seek reimbursement of reasonable expenses. Settlement ¶ 7(h)(i). Class Counsel will also file a motion requesting that the Court approve a payment of a service award of $10,000 to each of (1) James McMurchie and (2) David and Maris Hanson, in recognition of their efforts in this case. Settlement ¶ 7(h)(ii).

### E. Releases of liability.

In exchange for the relief described above, Defendants and non-party Smartsheet, Inc. will receive a full and final release of all claims related to the Tender Offer. *See* Settlement ¶ 11. In addition, Defendants have agreed to release Plaintiffs and Settlement Class Members

---

[3] Because some participants in the Tender Offer tendered preferred shares for a higher payment, their WSSA damages—which take into account the amount a plaintiff received for his or her shares—would be proportionally less. The Settlement takes those proportions into account in distributing the Net Settlement Fund. Settlement ¶ 7(h)(iv).

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   for any claims they may have had related to the Tender Offer.

2   **F.      Agreements required to be identified under Rule 23(e)(3).**

3   In addition to the Stipulation and Agreement of Settlement signed by the Parties to this

4   case, the parties entered into a Supplemental Agreement, which provides the Parties with

5   certain rights to terminate the Settlement. The Supplemental Agreement is "confidential," as is

6   often the case with similar agreements. Dennett Decl. ¶ 13 & Ex. 4; *see also In re Illumina, Inc.*

7   *Sec. Litig.*, 2019 WL 6894075, at *9 (S.D. Cal. Dec. 18, 2019); *see also Hefler v. Wells Fargo*

8   *& Co.*, 2018 WL 6619983, *7 (N.D. Cal. 2018); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312,

9   329 (C.D. Cal. 2016).

10   Additionally, Plaintiff David Hanson and Defendants each executed separate

11   agreements with non-party Smartsheet Inc. to resolve separate pending litigation. Dennett Decl.

12   ¶¶ 13–14. During the pendency of this litigation, non-party Smartsheet served Mr. Hanson with

13   a demand for arbitration claiming that, by acting as class representative in this case,

14   Mr. Hanson breached his employment separation agreement with Smartsheet Inc. *See* Dkt. #40

15   at 23 n.7; *see also* Dkt. #27. Mr. Hanson and Smartsheet Inc. executed a separate settlement

16   agreement resolving the claims raised in the arbitration. The settlement agreement between

17   Mr. Hanson and Smartsheet Inc. is contingent on the Court granting final approval in this case

18   before it is effective. Dennett Decl. ¶ 13.

19   Defendants and Smartsheet Inc. are parties to a pending indemnification action in King

20   County Superior Court, Case No. 21-2-01358-5 SEA, related to the defense of this litigation.

21   *Id.* Defendants and Smartsheet Inc. executed a separate settlement agreement resolving claims

22   raised in that indemnification action. *Id.* Their settlement agreement provides that, as to any

23   class members who entered an employment separation agreement with Smartsheet and who are

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    in compliance with the terms of the class action Settlement and have not opted out, Smartsheet

2    has committed that it will not pursue claims that participation in the class action Settlement is a

3    breach of any such separation agreement. *Id.* ¶ 14. While Plaintiffs and Class Counsel are not

4    parties to the agreement, Settlement Class Members are third party beneficiaries of that

5    provision. *Id.* The settlement agreement between Defendants and Smartsheet Inc. is contingent

6    on the Court granting final approval in this case. *Id.* ¶¶ 13–14.

7                                   **ARGUMENT**

8    **I.      The Court should preliminarily approve the Settlement.**

9            **A.      The standard for preliminary approval.**

10           The Ninth Circuit recognizes the "strong judicial policy that favors settlement,

11   particularly where complex class action litigation is concerned." *In re Syncor ERISA Litigation*,

12   516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277

13   (9th Cir. 1992). The strong preference for class action settlements is precipitated by the

14   overwhelming uncertainties of the outcome, expense, management, and difficulties in proof

15   inherent in class action lawsuits. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th

16   Cir. 1976) (noting that class action settlements are especially favorable in light of "an ever

17   increasing burden to so many federal courts and which frequently present serious problems of

18   management and expense").

19           Approval of class action settlement "take[s] place over three stages. First, the parties

20   present a proposed settlement asking the Court to provide 'preliminary approval' for both (a)

21   the settlement class and (b) the settlement terms." *Rinky Dink Inc. v. Electronic Merchant*

22   *Systems Inc.*, No. C13-1347, 2015 WL 11234156 *1 (W.D. Wash. Dec. 11, 2015). "Second, if

23   the court does preliminarily approve the settlement and class, (i) notice is sent to the class

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

describing the terms of the proposed settlement, (ii) class members are given an opportunity to

object or opt out, and (iii) the court holds a fairness hearing at which class members may

appear and support or object to the settlement." *Id.* "Third, taking account of all of the

information learned during the aforementioned processes, the court decides whether or not to

give final approval to the settlement and class certification." *Id.*; *see also In re Toys R Us-*

*Delaware, Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438,

448 (C.D. Cal. 2014). At the final approval stage, the court considers the settlement in light of a

non-exhaustive list of factors, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and
> likely duration of further litigation; (3) the risk of maintaining class action
> status throughout the trial; (4) the amount offered in settlement; (5) the extent
> of discovery completed and the stage of the proceedings; (6) the experience
> and views of counsel; (7) the presence of a governmental participant; and (8)
> the reaction of the class members of the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Hanson v.*

*MGM Resorts Int'l*, No. 16-cv-1661-RAJ, 2018 WL 3630284 at *4 (W.D. Wash. July 31, 2018)

(utilizing first six factors to assess fairness for purposes of preliminary approval).

 At the preliminary approval stage, the focus is simply on whether the settlement is

"within the range of possible judicial approval." *In re M.L. Stern Overtime Litig.*, 2009 WL

995864 at *3 (S.D. Cal. Apr. 13, 2009) (citations and quotation marks omitted); *Rinky Dink*,

2015 WL 11234156 at *4. Accordingly, the Court need not scrutinize every detail of the

settlement at this juncture, since "class members will subsequently receive notice and have an

opportunity to be heard" before final approval. *In re M.L. Stern*, 2009 WL 995864, at *3.

 The Court's standard inquiry is whether the proposed settlement "is fundamentally fair,

adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998);

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Fed. R. Civ. P. 23(e)(2). "It is the settlement taken as a whole, rather than the individual

2   component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026 (citing

3   *Officers for Justice v. Civil Serv. Com'n of City and Cty. of San Francisco*, 688 F.2d 615, 628

4   (9th Cir. 1982)); *see also Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) ("[A]

5   full fairness analysis is unnecessary" at the preliminary approval stage). Accordingly, the Court

6   does not have "the ability to delete, modify or substitute certain provisions." *Hanlon*, 150 F.3d

7   at 1026. In other words, the "settlement must stand or fall in its entirety." *Id.*

8          Before the Court can grant preliminary approval and direct notice to the class, a plaintiff

9   must "show[] that the court will likely be able to . . . approve the proposal under

10   Rule 23(e)(2)[.]" Fed. R. Civ. P. 23(e)(1)(B) (eff. Dec. 1, 2018). Approval under amended

11   Rule 23(e)(2) requires that the settlement be fair, reasonable, and adequate, taking into account

12   the following factors: (1) whether "the class representatives and class counsel have adequately

13   represented the class"; (2) whether the settlement "was negotiated at arm's length"; (3) whether

14   "the relief provided for the class is adequate"; and (4) whether the settlement "treats class

15   members equitably relative to each other." *Id.* (e)(2)(A)–(D); *see also In re Chrysler-Dodge*

16   *Jeep Ecodiesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 536661, at *8 (N.D. Cal.

17   Feb. 11, 2019). There is, not surprisingly, overlap between the 2018 amendment's fairness,

18   reasonableness, and adequacy considerations and those set out in the Ninth Circuit test in

19   *Churchill*, 361 F.3d at 575. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (noting that

20   "a district court examining whether a proposed settlement comports with Rule 23(e)(2) is

21   guided by the eight '*Churchill* factors'").

22          Amended Rule 23(e)(2), however, establishes a uniform set of core approval factors that

23   the Advisory Committee Notes state "should always matter to the decision" of the district court

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   as to whether to approve the proposal. *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note

2   to 2018 amendment. Plaintiffs will predominantly address the amended Rule 23(e) factors now

3   and more fully address each of the *Churchill* factors in their motion for final approval of the

4   Settlement. For the reasons set forth in detail below, the proposed Settlement is fundamentally

5   fair, adequate, and reasonable—falling squarely into the range of preliminary approval.

6       **B.      The Parties' negotiation process supports preliminary approval.**

7           The Ninth Circuit instructs courts to ensure that "the agreement is not the product of

8   fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

9   taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027

10  (quoting *Officers for Justice*, 688 F.2d at 625). Perhaps the most critical inquiry to the assist the

11  Court is determining whether the settlement is "the product of an arms-length, non-collusive,

12  negotiated resolution." *Id.* If the answer is yes, courts will presume the settlement is fair and

13  reasonable. *Spann II*, 314 F.R.D. at 324. "The assistance of an experienced mediator in the

14  settlement process confirms that the settlement is non-collusive." *Satchell v. Federal Express*

15  *Corp.*, Nos. C03-2659 SI, C03-2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).

16          Plaintiffs' Counsel have extensive experience in litigating complex class actions, and

17  they have been appointed as lead or co-lead counsel on numerous class action cases. *See*

18  Dennett Decl. ¶¶ 5–6. This experience enabled Plaintiff's Counsel to provide exemplary

19  representation for the Class in prosecuting claims and negotiating on the Class's behalf.

20          Before filing suit, Plaintiffs' Counsel engaged in a rigorous investigation as to both the

21  basis for Plaintiffs' claims and the complicated relationships between the Defendant entities. *Id.*

22  ¶ 8. Immediately after the case was filed, Plaintiffs sought discovery aimed at Smartsheet's IPO

23  plans prior to the Tender Offer, from Defendants and numerous non-parties. *Id.* ¶ 10.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Counsel's substantial experience in complex class action litigation also allowed them to negotiate a settlement that they believe is in the best interests of the Settlement Class. The Settlement was reached with the assistance of a third-party mediator who is well-versed in both class action and securities litigation. *See id.* ¶ 11. After nearly six weeks of negotiation, the parties reached a settlement in principle. *Id.* These factors—the time and effort spent on the settlement negotiations and the quantity and quality of information used during those negotiations—favor preliminary approval of the Settlement because they strongly indicate that there was no collusion in the result that the parties achieved. Accordingly, all evidence indicates that this Settlement was not "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Spann II*, 314 F.R.D. at 324–25.

## C. The value of the Settlement to Settlement Class Members is significant in light of the risks of continued litigation.

This Settlement provides significant relief to the Settlement Class and clearly falls within the range of possible judicial approval. "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080. "As the Ninth Circuit has noted, 'the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.'" *Spann II*, 314 F.R.D. at 325 (quoting *Officers for Justice*, 688 F.2d at 624).

When considering whether "the relief provided for the class is adequate," amended Rule 23(e)(2)(C) requires the Court to take into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and] (iii) the terms of any proposed

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   award of attorney's fees, including timing of payment[.]" Fed. R. Civ. P. 23(e)(2)(C)(i)-(iii)

2   (eff. Dec. 1, 2018). Rule 23(e) also requires the Court to consider "any agreement required to

3   be identified under Rule 23(e)(3)."

### 1.      *The Settlement provides substantial relief to the Settlement Class.*

5       Here, the total amount of the Settlement—which was the product of vigorous

6   negotiations—is fair, reasonable and adequate in light of the risks the Plaintiffs and Settlement

7   Class faced and the potential damages available. Plaintiffs estimate that, not accounting for

8   interest on the WSSA, the Settlement represents 39% of the potential WSSA damages, not

9   including interest, that Settlement Class Members could receive if successful at trial. *See*

10  Dennett Decl. ¶ 16. This is an excellent result, particularly when compared with other securities

11  class action settlements. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-CV-

12  05541-JST, 2020 WL 1786159, at *8 (N.D. Cal. Apr. 7, 2020) (noting "median recoveries of

13  2.5 percent between 2008 and 2016, and 3 percent in 2017" in large securities class action

14  settlements); Cornerstone Research, Securities Class Action Settlements, 2020 Review and

15  Analysis, at 6 (2020) (noting average 5.3 percent recovery for 2020). Plaintiffs further estimate

16  that estimate that if all Potential Settlement Class Members participate in the settlement and the

17  settlement is not otherwise undone, about a quarter of the Settlement Class Members will

18  receive less than $10,000; about a quarter will receive between $10,000 and $50,000; seven

19  will receive $50,000 to $100,000; fifteen will receive $100,000 to $500,000; six will receive

20  $500,000 to $1,000,000; and seven will receive over $1,000,000. *Id.* ¶ 17. Plaintiffs also

21  estimate that if all potential Settlement Class Members participate in the settlement and the

22  settlement is not otherwise undone, each Settlement Class Member will receive approximately

23  the same amount as they received for their shares in the Tender Offer. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Further, the Settlement treats all Settlement Class Members fairly and equally. Each

2    Settlement Class Member is entitled to a proportional share of the Settlement Fund based on

3    their participation in the Tender Offer. *See* Settlement ¶ 7(h)(iv). And as described above,

4    Settlement Class Members need to take no action to receive the Settlement benefits, which will

5    be delivered to them by check.

6              **2.    *Plaintiffs face significant risks if they continue litigation.***

7              This recovery is excellent not only because of the valuable benefits obtained for the

8    Class, but also because Plaintiffs would have faced a significant risk in litigating this case

9    through trial. *See Hanson*, 2018 WL 3630284 at *4–5 (finding that uncertain outcome of

10   litigated class certification motion, difficulty of proving damages, and limited legal precedent

11   on unique issues posed risks to plaintiff's case and weighed in favor of settlement approval).

12   The Court has not yet ruled on Defendants' motion for judgment on the pleadings, and

13   Plaintiffs faced some risk that the motion would be granted in whole or that the Court would

14   order discovery with respect to the purported release. Likewise, although Plaintiffs are

15   confident in the strength of their case against Defendants and the likelihood of success at each

16   stage, the outcome of each stage of further litigation would be uncertain. Moreover, even if

17   Plaintiffs were successful in obtaining class certification and winning trial in the district court,

18   the risk of one or more lengthy appeals would be high, including a potential interlocutory

19   appeal under Fed. R. Civ. P. 23(f). The degree of uncertainty supports preliminary approval.

20             Plaintiffs' Counsel have considered: (1) the complexities of this litigation; (2) the risks

21   and expense of continuing this case through further discovery, the Court's class certification

22   order, summary judgment, and trial against Defendants; and (3) the likely appeal(s) if Plaintiffs

23   do prevail at trial or earlier stages. After weighing these against the guaranteed recovery to the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Settlement Class, and what Plaintiffs' Counsel believe to be the significant monetary benefits to

2  the Settlement Class, Plaintiffs' Counsel firmly believe the Settlement represents a desirable

3  resolution of this litigation. Dennett Decl. ¶ 17.

4                **3.**       **The proposed method of distributing relief is fair and effective.**

5         Under the proposed Settlement, participating Settlement Class Members do not have to

6  take any action to receive the Settlement benefits, which will be automatically delivered to

7  them by check. By distributing benefits automatically, the Settlement ensures that relief will be

8  effectively distributed to the Settlement Class. And because the Settlement Fund will be

9  allocated to Settlement Class Members proportionally based on their participation in the Tender

10  Offer, the Settlement benefits will be distributed fairly.

11                **4.**       **Attorneys' fees, expenses, and costs will be subject to Court approval.**

12         The Settlement requires that any award for attorneys' fees, expenses, and costs must be

13  precipitated by a motion to, and approval by, the Court. Class Counsel will apply to the Court

14  for an award of no more 23.5% of the Settlement Fund, in addition to reasonable costs and

15  expenses. In addition, Plaintiffs will seek a service award to James McMurchie not to exceed

16  $10,000 and a service award to David and Maris Hanson not to exceed $10,000, which are also

17  subject to Court approval. Settlement Class Members will be informed of these amounts in the

18  notices, *see* Settlement Exs. 1 & 2, and will have an opportunity to submit objections to Class

19  Counsel's request for attorneys' fees, expenses, and costs, or to the Service Award requests.

20  Thus, all the considerations under Rule 23(e)(2)(C) support preliminary approval.

21         **D.**       **The proposed releases are appropriately tailored to the claims at issue.**

22         "Beyond the value of the settlement, courts have rejected preliminary approval when

23  the proposed settlement contains obvious substantive defects such as . . . overly broad releases

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 14

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of liability." Newberg on Class Actions § 13:15 (5th ed. 2014); *see e.g.*, *Fraser v. Asus Computer Int'l*, 2012 WL 6680142, *3 (N.D. Cal. 2012). The releases in the proposed Settlement are not overly broad. Settlement Class Members who do not timely opt-out will be deemed to have released Defendants and non-party Smartsheet from claims "that relate to the conduct alleged in the First Amended Class Action Complaint or arising out of or relating to the Tender ('Plaintiffs Released Claims')." Settlement ¶ 11.[4] Since the Release is limited to the scope of the litigation, it is fair and adequate for preliminary approval. *See, e.g.*, *Spann II*, 314 F.R.D. at 327–28 ("With this understanding of the release, i.e., that it does not apply to claims other than those related to the subject matter of the litigation, the court finds that the release adequately balances fairness to absent class members and recovery for plaintiffs with defendants' business interest in ending this litigation with finality.").

### E.    The Settlement equitably treats Settlement Class Members relative to each other.

The Settlement authorizes Plaintiffs to seek Service Awards in an amount no greater than $10,000 for their service to the Class in bringing and pressing the lawsuit. Settlement ¶ 7(h)(ii). Importantly, the Settlement provides that the Service Awards are subject to Court approval—if the Court reduces or does not award a Service Award, that determination shall not affect the Parties' rights and obligations under the Settlement. *Id.* In all other respects, the Settlement treats all Settlement Class Members identically and gives all Settlement Class Members the same opportunity to receive payments using the same distribution method.

The Ninth Circuit recognizes that service awards given to named plaintiffs are "fairly typical" in class actions. *Rodriguez*, 563 F.3d at 958. Incentive awards serve "to compensate

---

[4] In addition, Defendants have agreed to release Plaintiffs and Settlement Class Members.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    class representatives for work done on behalf of the class, to make up for financial or reputation

2    risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as a

3    private attorney general." *Id.* at 958–59. In evaluating whether the Settlement grants

4    preferential treatment to Plaintiffs, "the court must examine whether there is a 'significant

5    disparity between the incentive awards and the payments to the rest of the class members' such

6    that it creates a conflict of interest." *Spann II*, 314 F.R.D. at 328 (citing *Radcliffe v. Experian*

7    *Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013)). In arriving at such determination,

8    courts will consider "the number of named plaintiffs receiving incentive payments, the

9    proportion of the payments relative to the settlement amount, and the size of each payment." *In*

10   *re Online DVD-Rental*, 779 F.3d 934, 947 (9th Cir. 2015) (quoting *Staton v. Boeing Co.*, 327

11   F.3d 938, 977 (9th Cir. 2003)).

12        Here, the requested award is unlikely to create a conflict of interest between Plaintiffs

13   and other Settlement Class Members because the Settlement will remain in full force and effect

14   notwithstanding any reduction of the awards. *Spann II*, 314 F.R.D. at 328–29. Plaintiffs'

15   requested awards were not predicated on the existence of any special treatment or promise from

16   Plaintiffs' Counsel. Dennett Decl. ¶ 19. In addition, Plaintiffs' Counsel estimates that about

17   three-quarters of the eligible Settlement Class Members will receive payments greater than

18   $10,000. *Id.* Thus, there is not such a disparity between the proposed Service Awards to the

19   Plaintiffs and the rest of the Settlement Class Members that it creates a conflict of interest.

20   **II.    The Court should certify the Settlement Class.**

21        **A.    The proposed Settlement Class satisfied the Rule 23(a) requirements.**

22        To grant preliminary approval of a proposed settlement, the Court should determine that

23   the proposed settlement class is appropriate for certification. Manual for Complex Litigation

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 16

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

¶ 21.632 (4th ed. 2004) ("MCL 4th"); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class, the proposed class representatives, and the proposed class counsel satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P. 23(a)(1)–(4).

In addition to meeting the requirements of Rule 23(a), plaintiffs seeking class certification must also meet at least one of the three provisions of Rule 23(b). Fed. R. Civ. P. 23(b). Where, as here, Plaintiffs seek class certification under Rule 23(b)(3), the representatives must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 615–16. The procedure for review of a proposed class action settlement is well established. Because Plaintiffs meet all of the Rule 23(a) and 23(b)(3) prerequisites, certification of the proposed Settlement Class is proper.[5]

### 1. Numerosity

Numerosity is satisfied if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a); *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 664 (C.D. Cal. 2009); *see also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) ("impracticability" exists where there is a "difficulty or inconvenience of joining all members of the class"). "While no exact numerical cut-off is required for the numerosity requirement, numerosity is presumed where the plaintiff class contains forty or more members." *Chester*, 2017 WL 6205788, at \*5 (internal quotation marks and citations omitted).

Numerosity is clearly established here. Based on the records obtained in discovery in

---

[5] The Class Certification issues have been fully briefed, Plaintiffs adopt their motion for class certification and reply, as well as the related submissions, into this Motion by reference.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 17

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    this case, there are in excess of 50 Potential Settlement Class Members. *See* Dennett Decl. ¶ 14.

2    Accordingly, because the Settlement Class Members are too numerous to join as plaintiffs, the

3    numerosity requirement is met.

### 2.    *Commonality*

5    Commonality is satisfied if "there are any questions of law or fact common to the class.

6    Fed. R. Civ. P. 23(a)(2); *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)

7    (noting all that is required is a "single significant question of law or fact.") (emphasis added);

8    *Hanson*, 2018 WL 3630284 at *2 (same). The inquiry regarding commonality involves whether

9    Plaintiffs can show a common contention such that "determination of its truth or falsity will

10   resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–*

11   *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "The existence of shared legal issues

12   with divergent factual predicates is sufficient, as is a common core of salient facts coupled with

13   disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019.

14   Here, the Settlement Class Members share common legal and factual questions with

15   respect to Defendants' liability—for instance, whether Defendants knew, but failed to disclose,

16   material information as part of the Tender Offer, and whether Defendants' omissions would

17   have been material to a reasonable investor. These questions are the central legal questions of

18   the litigation and suffice to satisfy the commonality prong.

### 3.    *Typicality*

20   Typicality is satisfied if the class representative's claims or defenses are typical to those

21   of the Class. Fed. R. Civ. P. 23(a)(3). The Ninth Circuit applies the typicality requirement

22   liberally: "representative claims are typical if they are reasonably coextensive with those of

23   absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020;

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 18

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   *Hanson*, 2018 WL 3630284 at *2. The "typicality" requirement is essential to ensure that the

2   claims of the class representative are aligned with those of the class as a whole. *Wolin v.*

3   *Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "The test of typicality is

4   whether other members have the same or similar injury, whether the action is based on conduct

5   which is not unique to the named plaintiffs, and whether other class members have been injured

6   by the same course of conduct." *Id.*

7          Plaintiffs' claims are typical to those of the Settlement Class because they are based

8   upon the same facts and the same legal and remedial theories as those of the Settlement Class.

9   Plaintiffs' and Settlement Class Members' claims allegedly arise from Insight's breach of the

10  WSSA and Defendant Hinkle's breach of his fiduciary duties to Smartsheet shareholders.

11  Because damages under the WSSA are defined by statute, Settlement Class Member suffered

12  the same damage as a result of Insight's alleged breach.

13                    **4.**    ***Adequacy***

14         Adequacy is satisfied if the class representatives "will fairly and adequately protect the

15  interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit uses two questions to

16  determine legal adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of

17  interest with other class members and (2) will the named plaintiffs and their counsel prosecute

18  the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

19         Plaintiffs are adequate class representatives because they share common goals with all

20  the Settlement Class Members of pursuing litigation to obtain recovery for Defendants' failure

21  to disclose material information during the Tender Offer. There is no evidence in the record

22  that Plaintiffs harbor any interest antagonistic to the interests of the Class. Dennett Decl. ¶ 18.

23  Plaintiffs have been proactive in this litigation, maintaining close contact with Plaintiffs'

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Counsel regarding the progress of the litigation, answering discovery, and being deposed. *Id.*

2   Plaintiffs' Counsel, moreover, has no conflicts of interest with the proposed Settlement Class,

3   and they have vigorously prosecuted this case on behalf of the putative class. *Id.* ¶ 7. Therefore,

4   the adequacy requirement is satisfied.

5           **B.**        **The proposed Settlement Class satisfies the Rule 23(b)(3) requirements.**

6         Class actions under Rule 23(b)(3) must also satisfy the following two requirements,

7   which are commonly referred to as "predominance" and "superiority," respectively: (1) "the

8   questions of law and fact common to class members predominate over any questions affecting

9   only individual members, and" (2) "that a class action is superior to other available methods for

10  fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs have

11  satisfied both of these requirements.

12            *1.*     *Predominance*

13        The predominance prong turns on "whether proposed classes are sufficiently cohesive

14  to warrant adjudication by representation." *Hanlon*, F.3d at 1022 (citing *Amchem*, 521 U.S. at

15  623). Although predominance is inherently related to commonality in that it assumes a

16  prerequisite of common issues of law and fact, "Rule 23(b)(3) focuses on the relationship

17  between the common and individual issues." *Id.* (emphasis added). Where the core question

18  driving the litigation "would require the separate adjudication of each class member's

19  individual claim or defense, a Rule 23(b) action would be inappropriate." *Zinser v. Accufix*

20  *Research Institute, Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (internal citation omitted).

21  The predominance requirement is satisfied because the overriding common issue is whether

22  Defendants improperly omitted material information related to Smartsheet's IPO plans during

23  the Tender Offer. Because reliance is not an element of a WSSA claim, the common issues

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 20

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    related to Defendants' alleged omissions predominate over any individual issues.

2                    **2.    *Superiority***

3            Superiority examines whether the class action device "is superior to other available

4    methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

5    "[T]he purpose of the superiority requirement is to assure that the class action is the most

6    effective means for resolving the controversy. Where recovery on an individual basis would be

7    dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class

8    certification." *Wolin*, 617 F.3d at 1175–76 (citation and internal quotation marks omitted). In

9    the settlement context, manageability of the class action device is not a concern. *See, e.g.*,

10   *Spann II*, 314 F.R.D. at 323 ("[T]he other requirements of Rule 23(b)(3) such as the desirability

11   or undesirability of concentrating the litigation of the claims in the particular forum and the

12   likely difficulties in managing a class action, are rendered moot and irrelevant . . . ."); *see also*

13   *Amchem*, 521 U.S. at 620. Resolution of dozens of potential claims in one action is far superior

14   to individual lawsuits and promotes consistency and efficiency of adjudication. This is

15   especially true given that Settlement Class Members may be unaware they have a claim for

16   damages and may not be able to afford an attorney. *Levya v. Medline Indus. Inc.*, 716 F.3d 510,

17   515 (9th Cir. 2013) (superiority requirement satisfied where "class certification may be the only

18   feasible means for [class members] to adjudicate their claims").

19   **III.    The proposed notice program satisfies Rule 23 and due process, and the Court
            should approve it.**

20

21           Rule 23(e) requires the trial court to "direct notice in a reasonable manner to all class

22   members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). This requirement

23   contemplates that class notice be "reasonably calculated, under all the circumstances, to apprise

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 21

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    interested parties of the pendency of the action and afford them an opportunity to present their

2    objections." *In re Toys R Us*, 295 F.R.D. at 448 (citing *Mullane v. Central Hanover Bank &*

3    *Trust Co.*, 339 U.S. 306, 314 (1950)). A class action settlement notice is "satisfactory if it

4    generally describes the terms of the settlement in sufficient detail to alert those with adverse

5    viewpoints to investigate and to come forward and be heard." *Churchill*, 617 F.3d at 575.

6         The proposed notices provide sufficient information to satisfy these standards. The

7    Settlement includes proposed email and mailed long form notices to the Settlement Class

8    Members that inform them of the terms of the Settlement and their rights to object to, or opt-out

9    of, the Settlement, or to do nothing and receive the benefits of the Settlement and be bound by

10   it. Settlement Exs. 1 & 2. Email notices will be provided to Settlement Class Members for

11   whom the Parties have email addresses. Settlement ¶ 4(b). Because the size of the Settlement

12   Class is not large, Plaintiffs have opted to directly mail long-form notice to each Settlement

13   Class Member. The long-form notice will also be available on the Settlement website.

14   Settlement ¶ 4(c), (f). The website will also provide Class Members with additional information

15   relating to the Settlement. *Id.* ¶ 4(f).

16        Plaintiffs ask that the Court appoint Angeion Group to serve as the Settlement

17   Administrator. Angeion is a leader in class action notice and is qualified to act as Settlement

18   Administrator. Declaration of Steven Weisbrot ¶¶ 3–10. The Parties anticipate that this robust

19   notice plan will have a high rate of success in reaching class members. Angeion has reviewed

20   the notice plan and believes that it is a reasonable and effective approach for providing notice.

21   *Id.* ¶¶ 25–26.

22        The Settlement Administrator will provide the notice, and the cost of that notice will be

23   deducted from the Settlement Fund. Given the size of the class, we estimate that the cost of

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 22

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   notice will be less than $15,000. Dennett Decl. ¶ 4.

2          As part of the preliminary approval order, the Court should approve the proposed forms

3   and manner of notice. The notice constitutes the "best practicable notice" under the

4   circumstances and is direct notice to each Settlement Class Member individually. The long

5   form of notice is based on plain-English forms adopted by the Federal Judicial Center and

6   informs the Class Members of all the required information, including: (i) the nature of the

7   action; (ii) the class; (iii) the Class claims; (iv) that a Class Member may enter an appearance

8   through an attorney if the member so desires; (v) that the Court will exclude from the class any

9   member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii)

10   the binding effect of a class judgment on members. Settlement Exs. 1 & 2. The Settlement

11   Administrator will provide the notice and report to Class Counsel who will in turn report to the

12   Court on the effectiveness of the notice plan. The notice also provides for the Court to schedule

13   a final approval hearing, which Plaintiffs request be held after Settlement Class Members have

14   had a chance to opt-out of, object to, or remain part of the Settlement.

15          This plan is adequate and reasonably likely to ensure all Class Members are apprised of

16   the Settlement terms and given an opportunity to file a claim, object, opt out, or be heard. *See*

17   *e.g.*, *Hanson*, 2018 WL 3630284 at *6 (finding direct notice and a settlement website to be best

18   practicable notice); *Brotherson v. Prof'l Basketball Club, L.L.C.*, No. C07-1787 RAJ, 2010 WL

19   11523895, at *2 (W.D. Wash. Feb. 12, 2010) (finding notice by first class mail to be the best

20   notice practicable under the circumstances).

21   **IV.    Plaintiffs should be appointed Class Representatives and their counsel should be
            appointed Class Counsel.**

22

23          Plaintiffs also request that the Court designate Plaintiffs as Class Representatives to

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 23

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    implement the terms of the Settlement. As detailed above, Plaintiffs will fairly and adequately

2    represent and protect the interests of the Class.

3           Plaintiffs ask that the Court appoint Tousley Brain Stephens PLLC and McNaul Ebel

4    Nawrot & Helgren PLLC as Class Counsel and Jason T. Dennett of Tousley Brain Stephens

5    PLLC as Lead Class Counsel. Rule 23(g) enumerates four factors for evaluating the adequacy

6    of proposed class counsel: (1) "the work counsel has done in identifying or investigating

7    potential claims in the action"; (2) "counsel's experience in handling class actions, other

8    complex litigation, and types of claims of the type asserted in the action"; (3) "counsel's

9    knowledge of the applicable law"; and (4) "the resources counsel will commit to representing

10   the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). All of these factors weigh in favor of

11   appointment. Tousley Brain Stephens and McNaul Ebel have devoted significant time and

12   resources to prosecuting this action on behalf of Plaintiffs and the proposed Settlement Class.

13   Dennett Decl. ¶ 7. Proposed Lead and Class Counsel have extensive experience in litigating

14   class actions. Dennett Decl. ¶¶ 3–6 and Exs. 2–3. Proposed Lead and Class Counsel

15   investigated and prosecuted each of the claims against Defendants, including successfully

16   defeating Defendants' motion to dismiss, briefing class certification, and negotiating the

17   Settlement Agreement. Dennett Decl. ¶¶ 8–11. Proposed Lead and Class Counsel have and will

18   continue to adequately represent the interests of the Settlement Class.

19                                         **CONCLUSION**

20          For the foregoing reasons, Plaintiffs respectfully request that the Court certify the

21   proposed class for settlement purposes, preliminarily approve the proposed Settlement as fair

22   and reasonable, authorize notice to the Class, and schedule a final fairness hearing.

23

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 24

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1       DATED this 2nd day of December, 2021.

2                   TOUSLEY BRAIN STEPHENS PLLC

3            By:    *s/Jason T. Dennett*
                   Kim D. Stephens, P.S., WSBA #11984
4                   Jason T. Dennett, WSBA #30686
                   Cecily C. Jordan, WSBA #50061
5                   Kaleigh N. Powell, WSBA #52684
                   1200 Fifth Avenue, Suite 1700
6                   Seattle, WA 98101
                   Tel: (206) 682-5600/Fax: (206) 682-2992
7                   Email: kstephens@tousley.com
                         jdennett@tousley.com
8                         kpowell@tousley.com
                         cjordan@tousley.com

9

10                 McNAUL EBEL NAWROT & HELGREN PLLC

11                 Avi J. Lipman, WSBA No. 37661
                   Malaika M. Eaton, WSBA No. 32837
12                 Ai-Li Chiong-Martinson, WSBA No. 53359
                   Michael P. Hatley, WSBA No. 57500
13                 600 University Street, Suite 2700
                   Seattle, Washington 98101
14                 Telephone (206) 467-1816
                   Email: meaton@mcnaul.com
15                       alipman@mcnaul.com
                       achiongmartinson@mcnaul.com
16                     mhatley@mcnaul.com

17

18

19

20

21

22

23

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 25

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992